MARY ANN MOUNT *vs.* ALFRED W. MOUNT.

On a petition for divorce, filed by a wife against her husband, on the
ground of adultery, when the only proof that of the guilt of the hus-
band is, that within six months after his marriage, he was affected with
venereal disease, the evidence is not of itself sufficient to justify a decree.
When the facts relied on are susceptible of two or more interpretations,
any one of which is consistent with the defendant's innocence, they will
not be sufficient to establish guilt. Though it is not necessary to prove
the direct fact of adultery, it is necessary to show that adultery is the
only necessary conclusion from the facts of the case.
When the defendant was examined as a witness, and denied that since his
marriage he has had connection with any other woman than his wife,
although his evidence is not entitled to the weight due to the testimony
of a fair and impartial witness, it is nevertheless entitled to some weight,
and in a case of this kind is at least sufficient to overcome the effect of
the evidence on the part of the complainant.

THE CHANCELLOR. The parties were married on the fifth
of May, 1861. On the tenth of March, 1862, the wife filed
her petition for divorce on the ground of adultery. The alle-
gation of the petition is, that the husband, during the months
of October and November, 1861, and at other times, commit-
ted adultery with divers females, whose names are unknown
to the petitioner. The proof is, that the defendant, about
the month of October, 1861, within six months after his mar-
riage, was affected with the venereal disease. The case rests
solely upon this evidence. There is no evidence as to the
previous relations of the parties, or as to the habits, charac-
ter, or conduct of the defendant. The wife testifies that she
saw nothing to excite her suspicion in regard to his conduct
about the time of the alleged adultery, nor does she allege
that she did so at any other time after the marriage. She
further states that they did not live together at that time.
The first suspicion that appears to have been entertained by
the wife of her husband's criminal conduct resulted from the
voluntary statement, made by the husband. to her mother,
that he was suffering from the disease. It appears further,
from the evidence, that in October, 1861, the wife was appa-

rently free from disease. The husband has been examined as a witness, and denies most explicitly that he has been guilty of adultery. I do not think the evidence sufficiently strong to justify a decree for divorce.

The fact that the husband, long after marriage, is infected with the venereal disease, has been held sufficient *prima facie* proof of adultery. *Popkin* v. *Popkin*, 1 *Hagg. Ec. R.* 765, *note to the case of Durant* v. *Durant; Johnson* v. *Johnson*, 14 *Wend.* 637, *North* v. *North*, 5 *Mass.* 320; 2 *Greenl. Ev.* 44.

In the case of *Collett* v. *Collett*, where it was attempted to establish adultery against the husband by showing that the wife was suffering under a recent infection, Dr. Lushington said : " it is impossible to lay down any general inflexible rule, for each case must depend upon its own circumstances, and it is scarcely possible to conceive a case without some circumstances which would assist the court in coming to a conclusion." On the hearing of the same cause by the judicial committee, it was held that the adultery of the husband must not be inferred from the mere fact of the wife's being tainted with the venereal disease, although she herself is not even suspected of adultery, inasmuch as the existence of such a disease in the wife is consistent with the adultery of the husband, with her own adultery, and with accidental communication of it." The converse of the proposition would seem to be equally true, that the existence of the disease in the husband is consistent with the adultery of the husband, with its having been communicated by the wife, and with accidental communication of it. *Bishop on Marriage and Divorce*, § 440.

When the facts relied upon are capable of two or more interpretations, any one of which is consistent with the defendant's innocence, they will not be sufficient to establish guilt. Though it is not necessary to prove the direct fact of adultery, it is necessary to show that adultery is the only necessary conclusion from the facts of the case. *Ferguson* v. *Ferguson*, 3 *Sandf. Sup. Co. R.* 307.

Proceeding, as I do, upon the assumption of the entire innocence of the wife, is the guilt of the husband the necessary conclusion from the facts of the case? The parties had been married less than six months when the disease developed itself. The wife had been previously married. How long she had been a widow does not appear. Is it impossible or highly improbable that the wife may have been infected with the disease during her former marriage, and that the disease was still lurking in her blood? It is proved that the wife voluntarily submitted herself to a medical examination, and the physician testifies that he discovered no traces of the disease. But it is worthy of remark that she submitted herself to the examination under the pretext that she had fallen from a horse, and it was not until afterwards that the physician was informed of the real object of the examination. The investigation does not appear to have been made at all in reference to the existence of the disease in question. Under the circumstances, may not the symptoms of the disease have escaped the attention of the physician, or may they not have been so far suppressed as not to be perceptible? Is the evidence sufficient to prove the nonexistence of the disease so fully as to establish the guilt of the defendant.

As already said, there are no other circumstances in the case to aid the court in arriving at a correct conclusion. No evidence touching the husband's character or habits. It is not proven that the husband kept improper company or visited disreputable places of resort. It is not shown that he ever visited or associated with any other woman than the complainant. The evidence is not in itself sufficient to justify a decree. But admitting that the complainant's evidence is sufficient *prima facie* to raise a presumption of adultery against the husband, the case does not rest upon this evidence alone. The defendant has been examined. He testifies explicitly that since his marriage he has had connection with no other woman than his wife. Without attaching undue importance to the evidence of the defendant, admitting that it is not entitled to the weight due to the testimony of a fair

Mount *v.* Mount.

and impartial witness, it is nevertheless entitled to some weight, especially in connection with his own voluntary statement to the mother of the complainant, that he was infected with the disease.   Why should he have made that statement if he was really guilty of adultery ?   His defending the cause is evidence that it was not made by collusion.   The explicit testimony of the defendant is at least sufficient to overcome the effect of evidence on the part of the complainant.

I shall decree for the defendant, but without costs as against the complainant.